UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lauryl Handel, | : |
| | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| | : |
| Wells Fargo Bank, N.A., | : **COMPLAINT** |
| | : |
| Defendant. | : |

For this Complaint, the Plaintiff, Lauryl Handel, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of the Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.  The Plaintiff, Lauryl Handel ("Plaintiff"), is an adult individual residing in Moscow, Idaho, and is a "person" as defined by 47 U.S.C. § 153(39).

4.  The Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), is a business entity located in New York, New York, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5.  On or about May 1, 2015, Wells Fargo began calling Plaintiff's cellular telephone, number 208-xxx-5488, from telephone number 877-647-8552 using an automatic

telephone dialing system ("ATDS") and/or using an artificial or prerecorded voice.

6. When Plaintiff answered calls from Wells Fargo, she heard a prerecorded message that instructed her to press "1" if she was "Sarah Hood", and to press "5" and hang up if she was not.

7. On numerous occasions, Plaintiff pressed "5" to indicate that she was not the person Wells Fargo was trying to reach.

8. Nevertheless, Wells Fargo continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

9. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS and/or using a prerecorded or artificial voice.

11. Plaintiff never provided her cellular telephone number to Defendant and never provided her consent to be contacted at her cellular telephone number.

12. Defendant continued to place automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

13. The telephone number called by Defendant was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

14. The calls from Defendant to Plaintiff were not placed for "emergency purposes"

as defined by 47 U.S.C. § 227(b)(1)(A)(i).

15.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

16.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 23, 2016

Respectfully submitted,

By /s/ Sergei Lemberg
Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff